AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br><br>All funds in TD Bank Account Number 4373295512 | )<br>)<br>)<br>)<br>)    Case No.  21-mc-50-SKC |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ____State and____ District of ____New Jersey____ is subject to forfeiture to the United States of America under ____18____ U.S.C. § __981(a)(1)(C)__ *(describe the property)*:

All funds in TD Bank Account Number 4373295512

The application is based on these facts:

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are set forth in the attached affidavit which is continued on the attached sheet and made a part hereof.

☑ Continued on the attached sheet.

_____
s/ Andrew Cohen
*Applicant's signature*

_____
Andrew Cohen, FBI Special Agent
*Printed name and title*

Sworn to before me and: ☐ signed in my presence. ☒ submitted, attested to, and acknowledged by reliable electronic means.

Date:  __03/12/2021__

_____
*Judge's signature*

City and state:  __Denver, Colorado__

_____
S. Kato Crews, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CIVIL SEIZURE WARRANTS

I, Andrew Cohen, a Special Agent with the Federal Bureau of Investigation (FBI), (hereinafter referred to as "your affiant") being duly sworn, states as follows:

This Affidavit is submitted in support of applications for civil seizure warrants:

1)   TD Bank Account #4373295512;

2)   NBKC Bank account #8221856;

3)   NBKC Bank account #8221855;

4)   Wells Fargo Checking account 1546944354;

5)   Wells Fargo Savings account 86156660787;

6)   Citibank Account 9116687095;

7)   Citibank Account 9147869097;

8)   Citibank Account 9145821930;

9)   Navy Federal Credit Union Account #7082054458;

10)  ENT account 846555-00;

11)  ENT account 1000846555101;

12)  KeyBank account 766211010422; and

13)  KeyBank account 766213006295.

## GENERAL BACKGROUND

1.      I am a Special Agent with the FBI, and have been since 2014. I am currently assigned to the Denver Division of the FBI, and specifically to the Southern Colorado Safe Streets Task Force.

**2.**      During the course of my career, I have received training and experience in violations of federal law surrounding money laundering, bank fraud, wire fraud, and

other financial crimes. As part of other investigations, I have participated in the seizure of bank accounts, vehicles, real property, and other assets.  I additionally have formal education in finance, and hold a Bachelor of Science in Accounting.

## PROBABLE CAUSE TO SEIZE

3.      The information contained within this affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation. I have had the opportunity to review business records, surveillance records, interviews, bank records, and other evidence of the crime.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      In sum and as set forth in detail below, my investigation reveals probable cause to believe that Jalon Carlos Torres and others unknown are committing violations of wire fraud in violation of 18 U.S.C, §  1343.

### *Summary of scheme to defraud*

5.      In summary, evidence exists that supports that Jalon Torres owns and operates a business called Student Resolution Center (SRC), LLC. This business is designed to target, scam, and defraud individuals with existing student loans.  Torres would conduct "cold telephone sales" calls and convince people to enlist the "services" of SRC to reduce or eliminate their student loan debt with a few small payments to his company.

6.      Torres would provide some clients with a contract, and then would obtain personal information, including names, addresses, bank account information, and telephone numbers from his victims.  After obtaining the bank account information,

Torres would print checks with these individuals' account information as the drawer account and deposit these fraudulent checks into various bank accounts.  It should be noted that Torres used false names for employees that do not exist on these contracts, further supporting the scheme.

7.      As detailed below, Torres has had banking relationships canceled by banking institutions, reports by consumers for fraudulent activities, and patterns of fraudulent activity.

### Arrest of Torres and execution of search warrants on March 11, 2021

8.      On March 11, 2021, FBI agents executed an arrest warrant against Jalon Carlos Torres at 7032 Mustang Rim Drive, Colorado Springs, Colorado.  The arrest warrant was for charges originating out of the Western District of North Carolina for knowingly and intentionally with the intent to kill, injure, harass, intimidate, used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to a person in violation of Title 18, United States Code, Section 2261A(2)(b).

9.      Specifically, the criminal complaint alleges that Mr. Torres harassed a bank employee. The bank employee had informed Mr. Torres that his business account he had opened on June 4, 2020, under the name of "The Student Loan Resolution Center LLC," on which he was the sole signer, was being closed due to unauthorized activity that included checks being deposited via the mobile and remote capture

channel, which is prohibited per bank policy.  As will be described elsewhere in this affidavit, this account is not the only account closed for suspicious activity.

10.     A search warrant was authorized by this Court for the residence at 7032 Mustang Rim Drive to collect evidence in the North Carolina cyber stalking investigation and to arrest Torres.  This search warrant was executed on March 11, 2021.  During the search, Investigators applied for, and were granted a new search warrant by this Court that authorized an expanded an investigation into identity theft and bank fraud, which authorized the seizure of additional items.   The physical evidence seized will be discussed below in more detail.

### *Information recovered from the search warrant on March 11, 2021*

11.     Investigators recovered a voluminous amount of evidence during search warrant executions on March 11, 2021 at 7023 Mustang Rim Drive.  For example, a check writer, telephone voice changer, check stock, banking records from multiple institutions, a "telephone script", identification cards not associated with Torres or Ritter, computers, multiple hard drives, post-dated checks, and other typed checks were recovered.  The electronic devices have not been searched.

12.     Many of the typed checks had a date of March 11, 2021, and had a note on the checks that the customer authorized the payment on March 11, 2021.  The FBI served the arrest and search warrant at approximately 06:00hrs on March 11, 2021, which would have made it unlikely that Torres was able to obtain authorization that same day.

13.     The written checks had a bank name, customer name, address, and telephone number on them. Investigators conducted several interviews based upon the information on the checks.

### Interview of Lisa Ritter on March 11, 2021

14.     Investigators interviewed Lisa Ritter, who was present at the residence during the execution of the search warrant on March 11, 2021.  Lisa Ritter has been in a relationship with Torres for approximately 13 years.  Ritter is currently unemployed, and has been such for several years.  She previously worked in a dental office as an assistant, but has not contributed to the household bills in several years.  To be clear, the income that Torres earns solely supports their household.

15.     She stated Torres started his own business, Student Resolution Center (SRC LLC) in approximately 2015.  The SRC LLC maintains no employees other than Torres.  She believed that Torres helps people fill out documentation for student loans. She believed Torres made approximately $50,000 per year from his company, and he has no other source of employment.  Torres works from their residence and does not have an office building or any other office space, and purchases "leads" from an unknown individual.

16.     Ritter believes Torres to be an excellent sales person.  Prior to starting his own business, Torres worked for credit collection agencies.

17.     Torres and Ritter moved into 7023 Mustang Rim Drive in approximately 2018.  They put Jalon's father, Carlos Torres, on the title because he was prior military and they got a discount on the house.  The only people that live in the house are Jalon Torres and Lisa Ritter.

18.     Within the last six months, Torres would instruct Ritter to deposit checks at Navy Federal Credit Union and Wells Fargo Bank.  She estimated that each deposit was about $3,000-5000, and she would make these deposits approximately 3 times per week (approximately $9,000-$15,000 per week was deposited).

19.     Investigators located a text message on January 12, 2021 from Torres to Ritter on Ritter's cell phone that reads: "From now on if you can please remember to check all check batches that I give to you before depositing into the bank.  Do not let me deposit checks that are from the same bank.  I'll be working so much that I don't be paying attention to that and it would be very nice if you can just remember to check the batch and make sure we're not depositing checks into the same bank."

20.     On or about March 8, 2021, Torres and Ritter went to ENT Federal Credit Union and conducted a wire transfer for approximately $327,106.26 from ENT account ending in 555 to Wells Fargo Home Mortgage to pay-off their residence at 7032 Mustang Rim Drive, Colorado Springs, Colorado.  Ritter stated the source of these funds was from wire transfers sent from Torres' Navy Federal Account to her ENT FCU Account.  Ritter stated it took several years to accumulate that amount of money, and believed the money was also transferred from Navy Federal Credit Union.

### *Interviews conducted with potential scam victims*

21.     Investigators contacted several victims based on information on checks recovered during the search warrant execution on March 11, 2021.  The personal information on the checks, including names, bank account numbers, address, and telephone numbers appeared to be accurate and valid information.  Some of the individuals said they were contacted by a cold caller that represented themselves as

being with a government student loan program to help pay off student loans.  The caller
had personal details of their student loan information, and the victims believed the caller
to be legitimate.  Several victims said they were told if they made 3 payments, that they
would not have to make payments for the rest of the year.  This information is
corroborated in part by a telephone "script" investigators located in Torres' bedroom.

22.    Other victims never authorized any payments to be made, or had any
awareness money was coming from their accounts.

23.    Victim T.C. provided information to TFO Bristol and SA Cohen from her
bank that showed a payment of $299.99 was taken from her bank account from
February 27, 2019 to January 4, 2021, totaling approximately $7,500.  T.C. never
authorized any of these payments, and was not familiar with Mr. Torres, SRC LLC, or
the Student Resolution Center.  T.C. does have student loans and contacted the
student loan company.  Her balance was never reduced over the past year.

24.    Victim R.F. stated she never hired SRC LLC, but had talked to a company
called "A+ Credit," who told her they would reduce her student loan balance.  She made
payments for approximately one year.

25.    Victim R.G stated to SA Cohen that she hasn't worked with any student
loan company and did not recall authorizing any payments.

26.    Victim M.S. told SA Murt she was cold called on the telephone about re-
subscribing to "Times Union Newspaper".  She thought she would have been charged
for $13, but instead was charged for $299.99 in January and February of 2021.  She put
a hold on the account.

27.     Victim H.H. told SA Murt that she wrote a check in March of 2020 to SRC LLC to reduce her loans by $174.99.  She made a monthly payment of $174.99 for approximately one year, but her loan balance was never reduced.  H.H. was unable to contact anybody at SRC LLC, and was advised they were not answering their phones due to COVID.  H.H. had to shut her bank account down because the charges would not stop.

28.     TFO Lusk talked to three victims that had no knowledge of SRC LLC, or checks being written on their behalf.  Several individuals TFO Lusk spoke to that appeared to be elderly, and they described receiving a phone call from an individual who was very convincing and stated he could reduce their student loans.

29.     Investigators suspect there are thousands of victims in this scheme to defraud.

### *Tax return information*

30.     Investigators located and seized tax return documents during the search warrant at 7032 Mustang Rim Drive for 2015, 2016, and 2017.  In 2017, Form 1065 for The Student Resolution Center and Schedule K-1's were located for both Torres and Ritter articulating that Torres and Ritter were partners in The Student Resolution Center LLC (Torres had a 90% share in profit and loss, and 50% of the capital, while Ritter had a 10% share in profit and loss, and 50% of the capital).  Torres' Schedule K-1 listed his ordinary business income as $9,439, while Ritter's K-1 listed her share of the ordinary income as $1,049, for a total ordinary business income of $10,488.

31.     Furthermore, in 2017 their gross receipts were $175,138 and their total deductions were $164,650.

### *Complaints Against the Student Resolution Center, LLC*

32.    An Internet search of Jalon Torres' name resulted in a finding that

Mr. Torres has been associated with three companies, formed over a three-year period.

The companies were: Literacy Repair Services LLC, SRCC LLC and The Student

Resolution Center LLC. Additionally, Jay Torres, another named used by Jaylon was

associated with Student Loan Liability LLC. Confirmation of the Student Loan Liability

Company, Literacy Repair Services, and SRC (The Student Resolution Center LLC)

were confirmed from the Florida and Colorado business license database.   For

example, the Colorado Secretary of State lists "SRC LLC" (True name The Student

Resolution Center LLC) as a business in good standing, with Jalon Torres as the

registered agent at 7032 Mustang Rim Drive, Colorado Springs, Colorado.

33.    There are seven complaints on the Better Business Bureau for The

Student Resource Center LLC. Six of seven of the complaints are not viewable, the one

that is, dated 08/23/2019, states that "…This company is taking money out of my

account and can not br reached I signed a agreement dumb of me. They are still taking

money my account which should have been done in March and here it is Aug. They can

not be reached. I just want my money back".  According to the BBB, the business is no

longer active.

34.    I have conducted other open source internet searches related to The

Student Resolution Center LLC.  Another website, http://www.scampulse.com/the-

student-resolution-center-llc-reviews listed one complaint related to the company.  The

complaint reads "This is a Student Loan payoff scam. You are contacted via phone and

told they will help consolidate and pay off your student loans under the new Obama law

(which is not in effect yet). You are sent a contract via email. If you stop payments because you realize it is a scam the representative Patrick Kelly harasses you via phone, email, text messages. He calls your work, your relatives and threatens legal action. There is never an address or permanent phone number to respond to. Most of the phone numbers come out of Ogden Utah and the company name they are using The Student Resolution Center, LLC.  I am unable to attach paperwork that does not have personal information such as social security numbers. I do have a lot of text messages but do not know how to attach them."

35.     During the search warrant on March 11, 2021, Investigators recovered documents related to a consumer complaint filed in Utah.

36.     On June 29, 2017, the State of Utah received a consumer complaint form from Juliet Henry in Bronx, NY.  The complaint was filed against Student Resolution Center in the amount of $799.00, beginning on November 30, 2016.  The complainant stated he/she received a call from Student Resolution Center who claimed to be able to help her with a loan forgiveness program for three payments.  She stated she worked with "Mr. Peterson" and "Mr. Anderson", and provided the phone number of 801-893-2858.

37.     A contract between the Student Resolution Center and Henry was located with the complaint, and appeared to lay out details of a loan-counseling program.  Part of these documents including an information release form to provide personal information from the Department of Education.

38.     I submit that there is consistency over consumer reviews and complaints about The Student Resolution Center LLC and they are corroborated by interviews conducted by investigators and other evidence recovered in the investigation.

### *Suspicious Bank Activity in Closed Accounts*

**Closed TD Bank Account # 4314766035**

39.     TD Bank business checking account #4314766035 was held in the name of Student Resolution Center, LLC, with authorized signers Jalon Carlos Torres and Lisa Ritter.

40.     From April 25, 2019 to November 14, 2019, this account was funded by 1,696 electronic check deposits from various individuals throughout the United States, totaling $388,834.00.

41.     Out of these deposits (1,696), 583 (or approximately 34%) were returned and debited from this account for various reasons.  Based on interviews conducted on March 11, 2021, I submit that many people put stop payments on this checks, or close the accounts resulting in a non-sufficient fund check.  Businesses that are legitimately operating and have a customer base that knowingly, intentionally, and willingly purchases a product tend to have a significantly lower percentage of non-cashable checks.

42.     Between June 13, 2019 and November 22, 2019, TD Bank account #6035 transferred $151,796.00 to Jalon Torres in Colorado Springs, CO and Student Resolution Center, LLC in Boynton Beach, FL.

43.     TD Bank closed account #6035 on December 2, 2019 due to many return deposited items involvement fraud claims.

**Closed Chase account 5006701619 (Letter located during search warrant)**

44.     On June 2, 2020, Chase bank sent a letter to Student Resolution Center LLC at 7023 Mustang Rim Drive related to Account 5006701619.  The letter stated that Chase closed their account, and they sent a cashier's check with the balance for $30,710.24.  There was no reason stated in the letter as to why Chase closed the account.

45.     Ritter deposited this check on June 16, 2020 into Integrity Bank, Account #1127454.

**Closed Bank of America Account ending in 139101393558.**

46.     A letter dated on September 1, 2020, and addressed to the Student Resolution Center, stated Bank of American "made the decision to close your deposit account ending in 3558".   Bank of America stated that they may report their findings and reasons for closing to Chex Systems Inc., early warning services.  Bank of America froze the funds in the account, and did not return the remaining funds to SRC.

47.     A response letter from Torres to Bank of America was also located during the search warrant on March 11, 2021.  He told Bank of America that he felt he was being discriminated against, or treated unfairly.  He stated he had payroll owed to his employees.

48.     With the Bank of America documents, Torres also provided a copy of a Student Loan Program Agreement to the bank.  Within the documents, it appeared an individual named "Christopher Watson", a senior student loan advisor, was communicating with clients.

**Closed Integrity Bank & Trust Account # 1127454**

49.     On June 8, 2020, Jalon Torres opened SRC LLC business checking account 1127454 with Integrity Bank & Trust (IBT).  On the application, Mr. Torres claimed to own and operate The Student Resolution Center LLC, DBA SRC LLC.   Mr. Torres was living in the Colorado Springs area at the time and provided a local physical and mailing address.  However, roughly two months after the account was opened the address was changed to Port St. Lucie, Florida.

50.     On October 29, 2020, IBT received a forgery claim, regarding Mr. Torres' SRC LLC account.

51.     IBT also identified numerous charge-backs on the account. The charge-back reasons included: stop payment, not sufficient funds, unable to locate, frozen/blocked account, closed account, and altered/fictitious.

52.     IBT believed that SRC LLC appeared to be creating checks with the information collected in the agreement and then deposits these forged checks through mobile check deposit or in the branch. Though, this is not an uncommon practice, creating a 'digital' check, the return reasons were suspicious.

53.     Mr. Torres appeared to primarily access his IBT account from a Colorado Springs IP address.

54.     On a statement dated June 30, 2020, checks were deposit in the amount of $299.99, $415.45, and $166.49, and $30,710.24 were made into the account.

55.     As discussed above, and related to closed Chase account 5006701619 (in the name of The Student Resolution Center LLC), a cashier's check in the amount of $30,710.24 was deposited into Integrity Bank & Trust account 7454.

56.     This account was closed on January 13, 2021.

***Bank Accounts Sought To Be Seized***

**TD Bank Account #4373295512**

57.     Following the closure of TD Bank account #6035, on December 2, 2019, Jalon Carlos Torres opened a new business checking account with TD Bank, TD Bank account #4373295512, in the name of Student Resolution Center LLC, operating as SRC LLC, and located in Boynton Beach, FL.

58.     Between January 10, 2020 and March 25, 2020, seven outgoing wires from TD Bank account #5512, ranging from $5,973.74 to $10,000, totaling $65,973.74, were sent to Jalon Torres, who is located in Colorado.

59.     These wires were funded by the deposit of multiple checks from various unknown individuals. This activity is similar to the activity in TD Bank account #6035

60.     Credits to the account consist of pre-existing funds and the deposits of checks from various individuals referencing payments, fees and cancellation.

61.     Additional debits consist of ACH debits to PayPal and Wells Fargo Home Mortgage, CCD debits to Ally and Capital One, two outgoing wires sent to Student Resolution Center LLC held by Small Business Bank and electronic payments to various entities such as VENMO and All-State.

**NBKC Bank accounts #8221856 and #8221855**

62.     On May 13, 2020, the Student Resolution Center LLC, DBA SRC LLC, opened two business accounts with NBKC Bank, accounts #8221856 and #8221855. The account application described the business as document preparation assistance.

63.     On June 25, 2020, a reversal for a check deposited into this account was received by NBKC Bank.

64.     A review of the account activity determined that checks were received in amounts of $174.99 and $299.99 from individuals. The memos on the checks indicated that the checks were for a payment but did not identify the service received.  It appears that Student Resolution Center, LLC may be promising to eliminate student loan debt in exchange for payment.

65.     During a phone call with an individual identified on a check, Janet Knisley stated that Student Resolution Center, LLC contacted her about consolidating her loans and stated they were with the Department of Education. She received a phone call from the company and did not seek out their assistance. She was told she would be granted loan forgiveness. She signed a contract with SRC and sent a check to them.  A copy of the contract signed by Ms. Knisley indicates it is with the United States Department of Education and included the Department seal.

66.     After becoming suspicious of the activity in the account, NBKC Bank froze the accounts to investigate further.  When questioned by NBKC representative about the activity in the accounts, Mr. Torres became argumentative with bank employees, using foul and derogatory language.

67.     I submit that Torres tends to demonstrate a consistent pattern of behavior when banking institutions challenge his business practices.

**Wells Fargo Checking account 1546944354 and savings account 86156660787**

68.     On or about March of 2021, information obtained by investigators revealed that SRC LLC has a balance of approximately $40,000.

69.     Ritter stated during her interview that she would deposit checks on a weekly basis into a Wells Fargo account several times per week for approximately six months prior to March 11, 2021.

70.     A message between Ritter and Torres was located on Ritter's phone identifying the checking account number of 1546944354 in the name of SRC LLC, and a savings account, also in the name of SRC LLC, account number 86156660787.

**Citibank Accounts 9116687095, 9147869097, and 9145821930**

71.     On August 3, 2020, there was a balance of $51,766.54 in the account. The July 2020 statement shows ACH deposits in the amounts of 169.62, 630.23, 1,212.83, 290.99, 339.24, 314.97, 654.21, and 323.99.  There were multiple transactions for 169.62 (x4), 1212.83 (x2), 290.99 (x2).  This pattern of deposits is indicative of the same fraudulent conduct described above and occurring in other accounts.

72.     Ritter told investigators that Torres had a machine that could deposit checks from home.  She also stated that Citibank processed these checks.  A machine believed to capable of remote depositing checks was recovered from the master bedroom at 7023 Mustang Rim Dr.

73.     Messages were located on Ritter's telephone between Torres and Ritter with a photograph identifying the SRC LLC business account number of 9145821930, a personal account number of 9116687095, and a savings account number of 9147869097.

**Navy Federal Credit Union Account #7082054458**

74.     This account was opened September 24, 2018 in the name of Student Resolution Center LLC.

75.     A handwritten check, dated in March of 2021, was located during the search warrant in the amount of $2,300 from Navy Federal Credit Union account #4458 payable to Lisa Ritter.  She deposited the check into a Capital One bank account.

76.     During a preliminary search of Ritter's phone, authorized by the search warrant and by Ritter's written consent, a photo of a wire transfer form was located initiating a transfer of $10,000 from an account belonging to Carlos Torres to SRC LLC's Navy Federal Credit Union account #4458.

**ENT Savings account 846555-00 (savings), 1000846555101 (checking)**

77.     These accounts are in the name of Lisa Ritter.  She told investigators her current balance was approximately $7,000 combined in her accounts.  These accounts had previously been funded with monies from Navy Federal Credit Union and were used to payoff the Wells Fargo mortgage for 7032 Mustang Rim Drive for approximately $327,000.  Furthermore, Ritter stated she has not been employed for several years, and there is no other known source of income for the household other than that provided by Torres/SRC.

78.     In a text message dated October 9, 2020, located on Ritter's cellular telephone, sent from Ritter to Torres, she wrote "The wire was successful".  A following message, which appeared to be copied from an automatic text notification, indicated the wire was for $175,000.

**Key Bank accounts 766211010422 and 766213006295**

79.     Investigators located a photograph sent from Torres on October 19, 2020 to Ritter on Ritter's cellular telephone.  The message provided the bank's address of 3605 Hartsel Drive, Colorado Springs, CO, the bank's routing number, and the account numbers of 766211010422 and 766213006295 with the name of SRC LLC.

80.     Another text message followed that photo, also on October 19, 2020, that read "Don't forget to go to the bank".

81.     On Friday, October 9, 2020, Torres wrote to Ritter, also via text message on Ritter's cellular phone "Please don't tell anyone you have my money".

## CONCLUSION

82.     To be clear, Torres has no other source of income, other than from SRC LLC.  Based upon the facts and circumstances described above, the SRC LLC reasonably does not generate legitimate income.  Ritter has been unemployed for several years, and has no other source of income.  Torres has a history of banking relationships that have been terminated by the banking institutions for suspected fraud, and consumer complaints describing a scheme to defraud.  Investigators conducted multiple interviews of victims who shared similar experiences to the customer complaints found via open source research.  Physical evidence recovered at Torres' residence sheds light on some of the details of the scheme, including a telephone script, a telephone voice changer, post dated checks, a check printer, financial documents,

83.     Based upon the facts and circumstances described above, there is probable cause to believe that Jalon Carlos Torres is defrauding individuals through his company, the Student Resolution Center, LLC, in violation of Title 18, United States Code, Section 1343, and other offenses. Torres and Ritter moved hundreds of

thousands of dollars from bank accounts in the name of SRC LCC to various personal accounts.

84.     Title 18, United States Code, Section 1343 provides that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice," shall be guilty of a federal offense.  As described above, there is probable cause to believe that funds contained in the accounts identified below are proceeds of violations of 18 U.S.C. § 1343 (wire fraud), among other federal offenses.

85.      Under 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense" is subject to forfeiture. Under 18 U.S.C. § 1956(c)(7)(A), "specified unlawful activity" includes violations of 18 U.S.C. § 1961(1), and 18 U.S.C. § 1961(1), in turn, includes violations of 18 U.S.C. § 1343.

86.     Pursuant to 18 U.S.C. § 981(b)(1), "any property subject to forfeiture to the United States under subsection (a) may be seized by the Attorney General . . ."

87.     In addition, "a seizure warrant may be issued . . . by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of title 28, and may be executed in any district in which the property is found." 18 U.S.C. § 981(b)(3).

88.     Pursuant to 28 U.S.C. § 1355(b), as relevant here, "[a] forfeiture action or proceeding may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred," 28 U.S.C. § 1355(b)(1)(A), or where property subject to civil forfeiture is found or brought, *id.* § 1355(b)(1)(B), 28 U.S.C. § 1395(b)-(c).

89.     Recognizing that money is fungible, 18 U.S.C. § 984 provides that, in a civil forfeiture action against funds in an account in a financial institution, the United States need not identify the specific funds involved in the criminal offense. Rather, "any identical property found in the same account shall be subject to forfeiture," so long as the action against the funds is commenced within "1 year from the date of the offense." In other words, the United States may forfeit any funds in an account, even if the funds currently in the account were not involved in the relevant criminal activity, so long as the funds forfeited do not exceed the total amount of dirty funds deposited into the account within the past year.

90.     Based upon all the foregoing, including Torres's fraudulent scheme, which appears to have been in existence for the last several years and lack of other legitimate income, probable cause exists to believe that all funds held in the subject bank accounts described below are derived from proceeds traceable to substantive violations of 18 U.S.C. § 1343 (wire fraud), and are, therefore, subject to seizure pursuant to 18 U.S.C. § 981(a)(1)(C) and (b).

91.     Accordingly, your affiant requests a civil seizure warrant for all funds held in the following bank accounts:

1)     TD Bank Account #4373295512;

2)      NBKC Bank account #8221856;

3)      NBKC Bank account #8221855;

4)      Wells Fargo Checking account 1546944354;

5)      Wells Fargo Savings account 86156660787;

6)      Citibank Account 9116687095;

7)      Citibank Account 9147869097;

8)      Citibank Account 9145821930;

9)      Navy Federal Credit Union Account #7082054458;

10)     ENT account 846555-00;

11)     ENT account 1000846555101;

12)     KeyBank account 766211010422; and

13)     KeyBank account 766213006295.

_S/Andrew Cohen_____
Andrew Cohen
Special Agent
Federal Bureau of Investigation

Reviewed and submitted by Assistant United States Attorney Tonya Andrews.

Subscribed and sworn to before me
this __12th__ day of March, 2021

_____
The Honorable S. Kato Crews
United States Magistrate Judge